CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
04/09/2018
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| GREGORY D. SOBIN, | ) | |
| *Plaintiff,* | ) | |
| | ) | CASE NO. 3:18-CV-00024 |
| v. | ) | |
| | ) | ORDER |
| NANCY KAY MCHENRY, | ) | |
| *Defendant.* | ) | |

The *pro se* Plaintiff has filed a complaint and an application to proceed without prepaying fees or costs. I hereby grant Plaintiff's motion and dismiss the complaint as frivolous under 28 U.S.C. § 1915, since the Court lacks subject matter jurisdiction.

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed *in forma pauperis* "at any time if the court determines . . . that the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). *See, e.g.* 28 U.S.C. §§ 1332. "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Here, Plaintiff attempts to bring claims against the executor of his late father's estate. Plaintiff alleges, *inter alia*, that the executor is improperly administering the estate and withholding information from him. (Dkt. 2 at ECF 3–5). Plaintiff has previously asserted the

same claims before this Court, which were dismissed without prejudice due to a lack of subject matter jurisdiction. *See Sobin v. McHenry, et al.,* No. 3:17-cv-00067, dkt. 9 (W.D. Va. Oct. 13, 2017). Likewise in this new action, the Court reiterates that it does not have subject matter jurisdiction over Plaintiff's claims under the "probate exception" to federal jurisdiction. *Id.* at 2–5. *See also Marshall v. Marshall,* 547 U.S. 293 (2006) ("[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."); *Lee Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 680 (4th Cir. 2015). Accordingly, the action must be dismissed for lack of subject matter jurisdiction.

For these reasons, Plaintiff's motion is **GRANTED**, (dkt. 1), and the complaint is **DISMISSED WITHOUT PREJUDICE**, (dkt. 2). This case is **TERMINATED** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Order to Plaintiff.

Entered this __9th__ day of April, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE